# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THOMAS J. NAWROCKI,

        Plaintiff,

v.                                                  Case No. 8:22-cv-156-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

### I.  Status

Thomas J. Nawrocki ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of chronic pain throughout his body (worse in the back), bipolar disorder, schizophrenia, rhabdomyolysis, and inflammation of all joints. Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or "administrative transcript"), filed March 16, 2022, at 127, 136, 148, 168, 315.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed April 13, 2022; Reference Order (Doc. No. 14), entered April 14, 2022.

On May 6, 2019, Plaintiff protectively filed applications for DIB and SSI. Tr. at 288-94 (DIB), 281-87 (SSI).[2] Plaintiff alleged a disability onset date of October 20, 2018 in the DIB application and October 19, 2018 in the SSI application. Tr. at 288 (DIB), 282 (SSI). The applications were denied initially, Tr. at 127-35, 145, 189, 197-99 (DIB); Tr. at 136-44, 146, 190, 200-02 (SSI), and upon reconsideration, Tr. at 147-66, 187, 191, 193, 211-23 (DIB); Tr. at 167-86, 188, 194, 196, 224-36 (SSI).[3]

On March 16, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] Tr. at 60-102. During the hearing, the ALJ recognized that Plaintiff had amended his alleged disability onset date to August 27, 2019. Tr. at 63; see Tr. at 364. On May 24, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 34-54.[5]

Thereafter, Plaintiff requested review of the Decision by the Appeals

---

[2] The DIB and SSI applications were actually completed on July 23, 2019. Tr. at 288 (DIB), 281 (SSI). The protective filing date for both the DIB and SSI applications is listed elsewhere in the administrative transcript as May 6, 2019. Tr. at 127, 136, 148, 168.

[3] Some of the cited documents are duplicates.

[4] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 34, 63-65.

[5] The administrative transcript also contains an ALJ decision dated October 24, 2018 that adjudicated earlier-filed DIB and SSI claims. Tr. at 106-19. The October 2018 decision is not at issue here.

Council and submitted a brief in support of the request. Tr. at 9-10 (Appeals Council exhibit list and order), 279-80 (request for review), 14-18, 368-71 (brief and duplicate). On October 5, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 6-8, making the ALJ's Decision the final decision of the Commissioner. On January 19, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely[6] filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

There are three issues on appeal: whether the ALJ erred in 1) "failing to evaluate the prior administrative medical findings of Dr. Prickett"; 2) "failing to account for the loss of arm strength and hand fine motor activity"; and 3) "assess[ing Plaintiff's] ability to interact with others and ability to adapt and care for himself." Memorandum of Law (Doc. No. 15; "Pl.'s Mem."), filed May 16, 2022, at 2, 6, 9 (emphasis and capitalization omitted). On August 11, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing the issues raised by Plaintiff.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Dr. Prickett's prior administrative medical findings and opinion. On remand,

---

[6] Plaintiff requested an extension of time to file an appeal, which was granted by the Appeals Council. Tr. at 2, 5.

3

reevaluation of this evidence may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those matters. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021)

---

[7]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 37-53. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 20, 2018, the alleged onset date."[8] Tr. at 37 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar spondylosis, substance abuse disorder, rhabdomyolysis, lower left foot drop, cervical disorder, hepatic steatosis, schizoaffective disorder, and bipolar disorder." Tr. at 37 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 38 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) with exceptions. [Plaintiff] can occasionally lift twenty pounds and frequently lift/carry ten pounds. He can stand/walk for six hours in an eight-hour workday and sit

---

[8] The ALJ's use of the originally-alleged, rather than amended, onset disability date is inconsequential to the issue discussed herein.

5

> for six hours in an eight-hour workday with normal breaks. He must avoid climbing of ladders, ropes, and scaffolds. He can occasionally climb ramps and stairs and frequently balance, stoop, kneel, crouch, and crawl. He can frequently reach overhead and frequently handle and finger bilaterally. He must avoid concentrated exposure to extreme cold, vibrations, and hazards. [Plaintiff] can perform simple, routine tasks and instructions with occasional and brief interactions with coworkers and the public in a work setting with no fast-paced production quotas.

Tr. at 40 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "brick mason" and a "concrete finisher," Tr. at 52 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 52-53. After considering Plaintiff's age ("48 years old . . . on the alleged disability onset date"), education ("limited education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "hotel housekeeper," "price marker," and "office helper." Tr. at 52-53 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 20, 2018, through the date of th[e D]ecision." Tr. at 53 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given

to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating the prior administrative medical findings by non-examining psychologist Jeffrey Prickett, Psy.D. Pl.'s

7

Mem. at 2-6. According to Plaintiff, the ALJ, having found Dr. Prickett's opinion to be "persuasive," should have included in the RFC all of the mental limitations set forth in the opinion but did not. Id.; see Tr. at 51-52 (ALJ addressing "State Agency reviewing consultants," which includes Dr. Prickett's opinion). Particularly, Plaintiff contends the ALJ left out a critical limitation that Plaintiff would "need an understanding supervisor and setting that minimizes interaction with the general public and coworkers." Pl.'s Mem. at 2-6; Tr. at 164 (Dr. Prickett's opinion). Plaintiff also takes issue with the ALJ's alleged failure to address the required factors of supportability and consistency. Id. at 2-6.

Responding, Defendant argues the ALJ was not required to adopt the opinion verbatim, even after the ALJ found it to be persuasive. Def.'s Mem. at 5-9.[9] Defendant asserts the ALJ properly addressed the required factors, and also contends the ALJ's RFC finding is supported by substantial evidence. Id. at 10.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18,

---

[9] In support, Defendant cites a number of unpublished cases from this district and an unpublished case from the United States Court of Appeals for the Eleventh Circuit that did not directly address this issue but nevertheless upheld an RFC that did not mirror a State Agency consultants' opinion. Def.'s Mem. at 8-9 (citations omitted). These opinions are not binding and are also distinguishable from the particular circumstance presented here.

8

2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[10] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

---

[10] Plaintiff filed his DIB and SSI applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

9

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[11]

Here, relevant to the issue on appeal, Dr. Prickett assigned a number of mental limitations, including the need to have "an understanding supervisor and setting that minimizes interaction with the general public and coworkers."

---

[11] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

Tr. at 164. The ALJ in the Decision found Dr. Prickett's opinion to be "persuasive." Tr. at 51 (citing, among others, Exhibit B6A, which contains the opinion at Tr. at 158-65). The ALJ found, "Overall, the doctor[] supported [his] assessments with a detailed analysis of the medical evidence and articulated specific rationales for [his] findings." Tr. at 52. The ALJ also observed that "[t]he findings are consistent with the overall medical evidence of record, including the objective findings of the consultative examiner and the function reports submitted by [Plaintiff]." Tr. at 52.

When it came time to assign the RFC, the ALJ limited Plaintiff to "occasional and brief interactions with coworkers and the public." Tr. at 40. While this portion of the RFC may have sufficed to account for Dr. Prickett's limitation to "minim[al]" interaction with the public and coworkers, Tr. at 164, the RFC said nothing about needing an understanding supervisor or anything of the sort, see Tr. at 40. Importantly, Plaintiff's counsel asked the VE at the hearing whether a person who "has difficulty with holding their anger and their temper" would have a problem with "ability to maintain employment." Tr. at 99-100. In response, the VE said in pertinent part, "I'm assuming you're talking about anger directed at supervisors. The extent of it is usually it's a once and done situation." Tr. at 100. In other words, it appears the VE was testifying that anger or a temper toward a supervisor would preclude employment.

11

Together with Dr. Prickett's assigned limitation and the rest of the evidence in the file that supports such a limitation, the VE's testimony calls into question whether Plaintiff would be employable had the ALJ accepted the assigned limitation. Because the ALJ did not recognize the limitation Dr. Prickett assigned or otherwise discuss it when assigning the RFC, judicial review is frustrated. Reversal and remand is required for the ALJ to reevaluate Dr. Prickett's opinion.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)    Reconsider the opinion of Dr. Prickett consistent with the applicable Regulations;

(B)    If appropriate, address the other issues raised by Plaintiff in this appeal; and

(C)    Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 22, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

13